BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT TENERIFE, )   DOCKET NO. 306
CANARY ISLANDS ON MARCH 27, 1977      )

OPINION AND ORDER

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, JOSEPH S. LORD, III, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL

PER CURIAM

On March 27, 1977 a Boeing 747 jet aircraft being operated by KLM-Royal Dutch Airlines (KLM) collided with a Boeing 747 jet aircraft being operated by Pan American World Airways (Pan Am) on the runway at the Los Rodeos Airport in Tenerife, Canary Islands. The KLM aircraft was carrying 248 passengers and crew members and the Pan Am aircraft was carrying 396 passengers and crew members at the time of the collision. Over 550 of those persons were killed.

Presently, 40 actions arising from the collision are before the Panel as a result of motions by various parties to transfer the actions in this litigation to a single district pursuant to 28 U.S.C. §1407 for coordinated or consolidated pretrial proceedings.[1] Fifteen of these actions are pending

---

[1] All parties in this litigation anticipate a considerable number of tag-along actions, some of which have already been filed but came to the attention of the Panel too late to be included in the Panel hearing on this matter. See Rules 1, 9 and 10, R.P.J.P.M.L., 65 F.R.D. 253, 255, 259-60 (1975).

in the Northern District of California;[2/] thirteen in the Central District of California; three in the Southern District of New York; two each in the Northern District of Illinois and the District of Alaska; and one each in the Eastern District of California, the Southern District of California,[3/] the District of Arizona, the Western District of Washington, and the District of Puerto Rico. KLM is a defendant in all actions, Pan Am is a defendant in all but one of the actions, and Boeing is a defendant in several of the actions. Additional defendants in some of the actions include Royal Cruise Lines, booking agent for the Pan Am flight; the Government of Spain, operator of the airport at which the collision occured; the insurance underwriter for the airport authority; and the surviving pilot and first officer of the Pan Am aircraft. Plaintiffs in the actions generally allege that negligent conduct of the defendants in operation, maintenance or design of either of the two aircraft or the airport caused persons aboard the aircraft to sustain injuries or resulted in the wrongful death of plaintiffs' decedents. Two of the actions, McClintock and Marshall, which are pending in

---

[2/] Two additional actions that were pending in the Northern District of California have been dismissed since the Panel hearing: Richard Bernasconi, et al. v. KLM-Royal Dutch Airlines, et al., Civil Action No. C-77-0778-WHO; and Dennis Querantes, et al. v. KLM-Royal Dutch Airlines, et al., Civil Action No. C-77-0779-WHO.

[3/] An additional action that is pending in the Southern District of California, James F. Barth, et al. v. Pan American World Airways, Inc., et al., Civil Action No. 77-0345-GT, was also included in the motions. On principles of comity, after receiving a request from the judge to whom Barth is assigned, we are deferring our ruling concerning this action pending that judge's decision on a matter he has under consideration. See In re Plumbing Fixture Cases, 298 F. Supp. 484, 496 (J.P.M.L. 1968).

the Northern District of California, have been brought as class actions on behalf of various victims of this collision or their estates.

All parties that have submitted briefs favor transfer of the actions in this litigation to a single district pursuant to Section 1407 for coordinated or consolidated pretrial proceedings. The only dispute among the parties is over the selection of an appropriate transferee forum. Four different districts have been suggested -- the Northern, Central and Southern Districts of California and the Southern District of New York. Clearly, these actions involve common questions of fact and we find that their transfer under Section 1407 to the Southern District of New York will best serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation.

The parties that favor a California forum as the transferee district generally contend that the center of gravity of this litigation is located in California. They assert that most of the passengers on the Pan Am aircraft were residents of California or other west coast states; that a majority of the survivors of the collision are residents of California; that several actions arising from this collision have been filed in California state courts and many additional actions arising from this collision are expected to be filed in state or federal courts located in California; and that all the major defendants in this litigation

-4-

are located in or near, or do substantial business in, California. Thus, the parties that favor a California forum maintain that a California forum will be convenient to the greatest number of parties and witnesses and will best facilitate coordination of discovery efforts between the actions pending in California state courts and those pending in federal court.

Though any of the three California forums that have been suggested, as well as the New York forum, could be described as an appropriate transferee forum for this litigation, on balance, we are persuaded that the Southern District of New York is the preferable forum.

The New York forum appears to have a greater nexus to the liability phase of the litigation than a California forum. The surviving pilot and first officer of the Pan Am aircraft reside in the New York area and are key witnesses. Also important are investigators of the collision from the Federal Aviation Administration and the National Transportation Safety Board, who apparently reside in either the New York area or the Washington, D.C. area. In addition, Pan Am's headquarters are located in New York and, as certain defendants and plaintiffs represent, many of the relevant documents and witnesses will be found in the New York vicinity. We observe that other centers of discovery in the liability phase will be the Netherlands, where KLM's headquarters are located; Spain, which is conducting its own investigation of the collision; and of course the Canary Islands, the situs of the crash.

Related actions are pending in New York state courts as well as California state courts. Hence, our selection of either a New York or California federal forum would facilitate the coordination of pretrial efforts between state and federal courts regarding the actions arising from this disaster. See In re Bomb Disaster at Roseville, California, 399 F. Supp. 1400, 1403 (J.P.M.L. 1975).

One party requests that the Panel enter an order which requires that: 1) Pan Am and KLM file a list of passengers and next of kin; 2) the passengers and next of kin be notified of these proceedings and 3) Pan Am and KLM file a list of settled claims. The Panel is not empowered to enter such an order under Section 1407, however. A request of this type should be presented to the federal district court in which one of the constituent actions was originally filed or to the transferee court following transfer under Section 1407.

IT IS THEREFORE ORDERED that, pursuant to 28 U.S.C. §1407, the actions listed on the following Schedule A and pending in districts other than the Southern District of New York be, and the same hereby are, transferred to the Southern District of New York and, with the consent of that court, assigned to the Honorable Robert J. Ward for coordinated or consolidated pretrial proceedings with the actions already pending there and listed on Schedule A.

## SCHEDULE A

DOCKET NO. 306

| | Civil Action No. |
|---|---|
| **DISTRICT OF ALASKA** | |
| Wilma Lee Bowen, etc. v. Pan American World Airways, Inc., et al. | A77-107-Civ |
| William Blackmon, etc. v. Pan American World Airways, et al. | A77-108-Civ |
| **DISTRICT OF ARIZONA** | |
| Norma Jean Boen, et al. v. Pan American World Airways, Inc., et al. | Civ-77-394-PHX-WPC |
| **CENTRAL DISTRICT OF CALIFORNIA** | |
| Mary Finley, etc. v. Pan American World Airways, Inc., et al. | CV-77-1201-F |
| Mary Finley, etc. v. Boeing Co., et al | CV-77-1245-AAH |
| Frank L. Foley, Jr., et al. v. Pan American World Airways, et al. | CV-77-1263-WMB |
| Dan Harlow, et al. v. Pan American World Airways, Inc., et al. | CV-77-1475-RJK |
| Julie A. Levengood v. Pan American World Airways, Inc., et al. | CV-77-1476-WMB |
| June Perry, et al. v. Pan American World Airways, Inc., et al. | CV-77-1478-R |
| Robert Hale v. Pan American World Airways, Inc., et al. | CV-77-1479-LTL |
| H. Clifton Kroon, etc. v. His Catholic Majesty, the King of Spain, a sovereign nation, et al. | CV-77-1511-AAH |
| Burke Kaplan, etc. v. KLM-Royal Dutch Airlines, et al. | CV-77-1719-LEW |
| Edward Hirshfield, etc. v. KLM-Royal Dutch Airlines, et al. | CV-77-1720-AAH |
| Ann D. Kaessner, et al. v. Pan American World Airways, et al. | CV-77-1391-MML |
| Steven Alan Lewis, et al. v. Pan American World Airways, Inc., et al. | CV-77-1588-RF |
| Dorothy D. Kelly, et al. v. KLM-Royal Dutch Airlines, et al. | CV-77-2310-RJK |

| NORTHERN DISTRICT OF CALIFORNIA | Civil Action No. |
|---|---|
| Harold E. & Roman McClintock, et al. v. Pan American World Airways, et al. | C-77-0665-WHO |
| Eugene J. Marshall, etc. v. Pan American World Airways, Inc., et al. | C-77-0711-WHO |
| Albert K. Emerzian, et al. v. Pan American World Airways, et al. | C-77-0758-WHO |
| Allen Calandra, et al. v. KLM-Royal Dutch Airlines, et al. | C-77-0780-WHO |
| Betty Guerriero, et al. v. KLM-Royal Dutch Airlines, et al. | C-77-0781-WHO |
| Walter Michael H. Watt, etc. v. His Catholic Majesty, et al. | C-77-0838-WHO |
| Betty I. Rodriguez, etc. v. Pan American World Airways, Inc., et al. | C-77-0863-WHO |
| Bethene M. Moore v. Pan American World Airways, et al. | C-77-0874-WHO |
| Elfriede Naik, et al. v. KLM-Royal Dutch Airlines, et al. | C-77-0901-WHO |
| C. Carl Nelson, Jr., et al. v. KLM-Royal Dutch Airlines, et al. | C-77-0963-WHO |
| Norman L. Shapro, etc. v. KLM-Royal Dutch Airlines, et al. | C-77-0938-WHO |
| Laura Callahan, etc. v. The Government of the Kingdom of Spain, et al. | C-77-0981-WHO |
| Donald Vogel, et al. v. The Government of the Kingdom of Spain, et al. | C-77-0982-WHO |
| Arthur R. Reed, et al. v. The Government of the Kingdom of Spain, et al. | C-77-0983-WHO |
| William Bodinson, et al. v. KLM-Royal Dutch Airlines, et al. | C-77-0956-WHO |

| SOUTHERN DISTRICT OF CALIFORNIA | Civil Action No. |
|---|---|
| Sarah B. Petersen, et al. v. Pan American World Airways, Inc., et al. | 77-0205-GT |

Schedule A -- page 3                                        Docket No. 306

| | Civil Action No. |
|---|---|
| **EASTERN DISTRICT OF CALIFORNIA** | |
| Maurice Magante, et al. v. Pan American World Airways, Inc., et al. | S-77-252-PCW |
| **NORTHERN DISTRICT OF ILLINOIS** | |
| Marianne Jakoubek, et al. v. Pan American World Airways, Inc., et al. | 77-C-1311 |
| Charles H. Ziebel, et al. v. Pan American World Airways, Inc., et al. | 77-C-1711 |
| **SOUTHERN DISTRICT OF NEW YORK** | |
| John C. Amador v. KLM-Royal Dutch Airlines, et al. | 77-Civ-1795 |
| J. Edwin Harper, etc. v. KLM-Royal Dutch Airlines, et al. | 77-Civ-1820 |
| James W. Flood, et al. v. KLM-Royal Dutch Airlines, et al. | 77-Civ-2462 |
| **DISTRICT OF PUERTO RICO** | |
| Adolfo Torrech Nieves, et al. v. KLM-Royal Dutch Airlines, et al. | 77-520 |
| **WESTERN DISTRICT OF WASHINGTON** | |
| Donald F. Dally, etc. v. KLM-Royal Dutch Airlines, et al. | C-77-275S |

DOCKET NO. 306

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE AIR CRASH DISASTER AT TENERIFE, CANARY ISLANDS ON MARCH 27, 1977

ORDER DENYING MOTIONS FOR RECONSIDERATION

It appearing that several parties in the above-captioned litigation have either moved or joined in motions for the Panel to reconsider its opinion and order of August 16, 1977,[1] and to transfer or remand all actions in this litigation pursuant to 28 U.S.C. §1407 to a federal district court located in the State of California, and,

The Panel having fully considered these matters on the basis of the papers submitted,[2]

IT IS ORDERED that these motions for reconsideration be, and the same hereby are, DENIED.

FOR THE PANEL:

John Minor Wisdom
Chairman

---

[1] On August 16, 1977 the Panel issued orders conditionally transferring several tag-along actions to the Southern District of New York for inclusion in the coordinated or consolidated pre-trial proceedings in this litigation. Plaintiffs in some of those actions have moved to vacate the conditional transfer orders and have also joined in the motions for reconsideration now before the Panel.

[2] The Panel has deemed these matters submitted on the basis of the papers filed. See Rule 13(b), R.P.J.P.M.L., 65 F.R.D. 253, 263 (1975).

BEFORE THE JUDICIAL PANEL
ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

NOV 30 1978

PATRICIA D. HOWARD
CLERK OF THE PANEL

11/30/78

In re Air Crash Disaster at Tenerife,        )
Canary Islands on March 27, 1977             )
                                             )Docket No. 306
Edgar Jack Ridout, et al. v. Pan American World )
  Airways, Inc., et al., S.D.New York,       )
  C.A. No. 78 Civ 2198                       )

OPINION AND ORDER
_____

BEFORE JOHN MINOR WISDOM, CHAIRMAN, AND EDWARD WEINFELD, EDWIN A. ROBSON, STANLEY A. WEIGEL, ANDREW A. CAFFREY, AND ROY W. HARPER, JUDGES OF THE PANEL.

PER CURIAM

   The Panel, pursuant to 28 U.S.C. §1407, previously centralized several actions in this litigation in the Southern District of New York for coordinated or consolidated pretrial proceedings before the Honorable Robert J. Ward. In re Air Crash Disaster at Tenerife, Canary Islands on March 27, 1977, 435 F.Supp. 927 (J.P.M.L. 1977). These actions arose from a March 27, 1977 collision on the runway at the Los Rodeos Airport in Tenerife, Canary Islands between a Boeing 747 jet aircraft being operated by KLM-Royal Dutch Airlines (KLM) and a Boeing 747 jet aircraft being operated by Pan American World Airways (Pan Am).

   Plaintiffs in the above-captioned action (Ridout) are a passenger who survived the crash and a corporation of which he was chairman of the board of directors at the time of the accident. KLM and Pan Am are the defendants. All

parties in Ridout have entered into a stipulation pursuant to which defendants have agreed that they will not contest their liability to plaintiffs for compensatory damages.

Plaintiffs in Ridout move the Panel, pursuant to 28 U.S.C. §1407(a), to remand this action to the Central District of California, the district from which Ridout was transferred by the Panel. Defendants Pan Am and KLM oppose remand.

We find that remand at this time of Ridout to the Central District of California will serve the convenience of the parties and witnesses and will promote the just and efficient conduct of Ridout. Accordingly, we order remand of Ridout.

Plaintiffs in Ridout stress that, as a result of the stipulation entered into by the parties, the only issue that remains in Ridout is a determination of the amount of compensatory damages to be awarded, and Ridout should be returned to its transferor forum for further discovery and, if necessary, trial on this issue.

The opponents of remand assert that, although the stipulation entered into in Ridout has removed the issue of liability from Ridout, and although Ridout no longer involves any common discovery interests with other MDL-306 actions, Ridout should nevertheless remain in the transferee district for further efforts toward settlement, to permit the transferee judge to consider choice of law questions, and to allow entry of a final pretrial order by the transferee judge. Opponents maintain that the continued pendency of Ridout

in the transferee district for further pretrial proceedings need not hinder damages discovery from occurring locally in California.

We find the arguments in opposition to remand unpersuasive. As is generally true in multidistrict air disaster litigation, the common questions of fact in the present litigation primarily concern the issue of liability, whereas the issue of damages is unique with respect to each person who was aboard the aircraft. See In re Air Crash Disaster at Pago Pago, American Samoa on January 30, 1974, 394 F.Supp. 799, 800 (J.P.M.L. 1975). All parties recognize that as a result of the stipulation entered into by the parties, the remaining discovery in Ridout concerns the issue of damages, and all other remaining pretrial proceedings in Ridout are primarily, if not entirely, unique to Ridout. Therefore, on the basis of the record before us, plaintiffs have **persuaded** us that retention of Ridout in the transferee district is no longer necessary. See In re Air Crash Disaster at Tenerife, Canary Islands on March 27, 1977, M.D.L. No. 306 (J.P.M.L. Aug. 11, 1978) (order vacating conditional transfer order)(transfer denied with respect to an action in which there was no dispute on the issue of liability and only the issue of damages remained); In re Air Crash Disaster at Pago Pago, American Samoa on January 30, 1974, supra, 394 F.Supp. at 800.

IT IS THEREFORE ORDERED that the action entitled Edgar Jack Ridout, et al. v. Pan American World Airways, Inc., et al., S.D. New York, C.A. No. 78 Civ 2198, be, and the same hereby is, REMANDED to the Central District of California.